IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

RONNIE HARRIS                                                            PLAINTIFF

VS.                                                        No. 2:05CV211-D-A

CITY OF SOUTHAVEN, MISSISSIPPI, ET. AL                        DEFENDANTS

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently pending before the Court is Defendant Tom Long's motion for summary judgment. Upon due consideration, the Court finds that the motion shall be granted.

*A. Factual Background*

Plaintiff Ronnie Harris is a Tennessee resident and was employed at 84 Lumber Company in Southaven, Mississippi. During the course of his employment, Harris was allowed to enter the premises of 84 Lumber Company's Southaven, Mississippi, facility in the early morning hours for the purpose of filling orders. The Plaintiff asserts that when he worked early mornings at 84 Lumber Company, his normal course of action was to park his car in the lighted parking lot of the K-Mart Store. The Plaintiff would cross over the parking lot, go down into a ditch and up a hill, and cross the fence to 84 Lumber Company's back lot. The Plaintiff alleges that he had a custom of doing this and could be seen most any morning loading and unloading lumber at the 84 Lumber Company facility.

On the morning of April 22, 2004, the Plaintiff parked his car in the K-Mart parking lot; crossed the fence; turned on the lights at 84 Lumber Company; and then began loading and unloading lumber. While on routine patrol, an officer with the City of Southaven Police Department observed this activity. The officer, knowing that 84 Lumber Company had been a victim of crime in the recent past, considered the Plaintiff's activities suspicious and radioed for backup. The officer

observed the scene and waited until additional City of Southaven police officers arrived and conducted surveillance of the Plaintiff.

The Plaintiff alleges that he observed several Southaven Police Officers surrounding his vehicle. He alleges that he turned off his forklift and notified the officers that the vehicle was his. The officers got the Plaintiff's attention and requested that the Plaintiff approach them. The Plaintiff alleges that he again notified the officers that the car was his as he approached the fence. At this point, there is a discrepancy as to what occurred next.

The Plaintiff asserts that he was told to get his "ass across the fence." The Plaintiff states that he complied with the request and proceeded toward the officers with his hands held above his head. At this point, the Plaintiff alleges he noticed a canine with the officers and begged them not to release the dog. The Plaintiff also asserts that he informed the officers that he was authorized to be on the property of 84 Lumber Company, giving them the name and number of his manager.

Next, the Plaintiff claims that the officers bashed his head into the car, searched him, and then threw him with extreme force to the ground. The Plaintiff alleges that the officers handcuffed him and then released the dog. The Plaintiff alleges that the officers allowed the dog to bite him several times on his legs while the officers yelled profanities and obscenities at him. The Plaintiff claims he asked for mercy repeatedly and was finally pulled to his feet and placed into the patrol car. The Plaintiff asserts that he gave the officers the manager's number again and the officers verified with the manager that he was an authorized employee of 84 Lumber Company. The Plaintiff further claims that the officers tried to detain him further when his mother came to take him to the hospital. The Plaintiff claims he suffered lacerations to his legs and thighs, an injury to his head and mental and emotional distress.

The Defendants assert that an officer on the scene contends that the Plaintiff crossed the

fence, dropped into a ditch and appeared to flee. Then, and only then, according to the officer, was the police department canine unleashed. The canine secured the Plaintiff. Once officers were nearby, the canine was ordered off of the Plaintiff. The Plaintiff was then taken to a patrol car and the manager of 84 Lumber Company was called. The manager advised that the Plaintiff was an employee of the facility and was authorized to be working at that time. The officers stated that upon receipt of that information, the Plaintiff was released without being arrested or charged. Defendant Tom Long alleges that he was never present at the scene.

The Plaintiff has alleged a litany of causes of actions against the City of Southaven, Police Chief Tom Long, and ten unidentified police officers with the City of Southaven. The Plaintiff filed this action October 12, 2005. The Plaintiff claims that the Defendants through a practice, procedure or custom denied his Fourth Amendment rights against unlawful search and seizure. In addition, he claims that the Defendants violated his substantive and procedural due process rights as well as his guarantee of equal protection under the law. In addition, the Plaintiff claims that the Defendants unlawfully interfered with his employment because of his race and assaulted him with the canine. The Plaintiff claims the City of Southaven failed to properly supervise its police officers. In addition, the Plaintiff claims that the Police Chief failed to properly train his officers, refused to release the police report of the incident and knew that his officers had propensity to commit racial acts of violence. Finally, the Plaintiff asserts that the City of Southaven police officers unlawfully searched him, detained him and assaulted him.

Defendant Tom Long, the Southaven Police Chief, now moves this Court to grant him summary judgment on all of the Plaintiff's claims against him. Defendant Tom Long claims that the Plaintiff has not met his burden of proof in his failure to train claim. Second, the Defendant asserts that he had no prior knowledge of any racial acts of violence by his officers. Third, the Plaintiff

could not obtain a police report on the day of the incident because the report was not yet finished. Finally, the Defendant Tom Long claims qualified immunity for any claims against him individually. The Plaintiff failed to respond to this motion.

*B. Standard of Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) (the burden on the moving party may be discharged by 'showing...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56 (C) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. At 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 536, 552 (1986).

*C. Discussion*

1. Section 1983

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To state a claim under Section 1983 the Plaintiff must (1) allege he has been deprived of a right secured by the United States Constitution or the laws of the United States; and (2) demonstrate that the alleged violation was committed by a person acting under color of state law. Cornish v. Correctional Services Corp., 402 F.3d 545, 549 (5th Cir. 2005).

2. Failure to Train

When a plaintiff alleges a claim for failure to train or supervise, "the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." Estate of Troy Davis v. City of Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005) (*quoting* Smith v. Brenoettsy, 158 F.3d 908, 911-12 (5th Cir. 1998)). see Burge v. St. Tammany Parish, 336 F.3d 363, 370 (5th Cir. 2003); Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003).

"Deliberate indifference" requires that the state actor have subjective knowledge of the risk of harm. Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 410, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). Mere negligence will not suffice, and "deliberate indifference, i.e., the subjective intent to cause harm, cannot be inferred from a ... failure to act reasonably. Id. at 649 (citations omitted). In other words, an official has to be both aware of,

and disregard, an excessive risk of harm. Rodriguez v. Texas Dept. of Criminal Justice, Institutional Division, 2003 WL 22055820 (N.D. Tex. 2003) (*citing* Farmer v. Brennan, 511 U.S. at 837 114 S. Ct. at 1977. "To satisfy the deliberate indifference prong, a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of training is 'obvious and obviously likely to result in a constitutional violation.'" Cousin v. Small, 325 F.3d at 637 (*quoting* Thompson v. Ushur County, 245 F.3d 447, 459 (5th Cir. 2001)).

In the case *sub judice*, the Plaintiff cannot maintain an action for failure to train. First, the Plaintiff has not demonstrated that Police Chief Tom Long failed to train his officers. According to Long's affidavit and the certificates of training attached to this motion, all of the officers in the City of Southaven's Police Department are trained. In addition, all officers are graduates of the Law Enforcement Academy and have been certified by the Mississippi Board of Law Enforcement Officers Standards and Training as being qualified law enforcement officers. Furthermore, the canine unit officers receive special training with their dogs. Second, the Plaintiff has not produced sufficient proof that a causal nexus exists between the actions of the officers and the alleged failure to train. Finally, the Court is of the opinion that no evidence exists before it that suggests that Tom Long acted with deliberate indifference. Thus, the Court finds that the Defendant is entitled to judgment as a matter of law on this claim.

3. Claim of Officers' Propensity to Commit Acts of Racial Violence

The Plaintiff claims that Defendant Tom Long knew or should have known that his subordinate officers had a propensity to commit acts of racial violence. The record before this Court is sorely lacking any evidence supporting such a claim. The Plaintiff has failed to show any prior occurrences implicating the officers involved in this incident. In addition, the Plaintiff has failed to produce evidence of any act of racial violence committed by the officers of the Southaven Police

Department. The Defendant has submitted affidavits stating that Defendant Tom Long had no prior knowledge of any act of racial violence by any of his subordinate officers. In addition, over the past three years no court, administrative body or investigatory body has found an act of racial violence by any past or present officer of the City of Southaven Police Department. Finally, the Plaintiff in his own deposition stated that race was not a factor in this incident. The Plaintiff has not met the burden to overcome summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986). Therefore, the Court is of the opinion that no issue of material fact exists on this claim and the Defendant is entitled to judgment as a matter of law.

3. Refusal to Issue Copy of Incident Report

Plaintiff claims that Defendant Tom Long refused to release the police report to him; thus, depriving him of information needed to commence this lawsuit. The Plaintiff testified in his deposition that an officer, not Tom Long, informed him that he would need an attorney to receive the police report. In addition, the Plaintiff and his mother both attempted to retrieve the report the same day of the incident. There is documentation and testimony, both attached as exhibits to this motion, stating that the police incident report was not complete until four days after April 22, 2004, the date of the alleged incident. Thus, there was no way for the Defendant to provide the police report to the Plaintiff. Performance of that request was impossible on the day that the Plaintiff requested the document. The Court is of the opinion that this is a frivolous claim and the Plaintiff has failed to produce proof that he was denied access to the report upon its completion. Thus, the Court finds that the Defendant is entitled to judgment as a matter of law.

4. Qualified Immunity

After a thorough review of the Plaintiff's Complaint, the Court does not read that Complaint to name Defendant Tom Long in his individual capacity. However, in an abundance of caution, the

Defendant has raised the defense of qualified immunity. Thus, the Court will proceed with its analysis of the qualified immunity defense.

In ruling on a defendant's claim of qualified immunity, the court first must determine whether the plaintiff has alleged the violation of a clearly established constitutional right. <u>Siegert v. Gilley</u>, 500 U.S. 226, 230, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991). Then, the court must determine whether the officer's actions were objectively reasonable under settled law in the circumstances with which he was confronted. <u>Hunter v. Bryant</u>, 502 U.S. 224, 227, 112 S. Ct. 534, 536, 116 L. Ed. 2d 589 (1991); <u>See</u> <u>Pfannstiel v. Marion</u>, 918 F.2d 1178, 1183 (5th Cir. 1990) (If "reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity.").

In the case *sub judice*, the Plaintiff has alleged the violation of a clearly established constitutional right– including his right to be free of unlawful search and seizure and his rights to procedural and substantive due process. The Court is satisfied that the Plaintiff has alleged a violation of the Fourth, Fifth and Fourteenth Amendments. However, as stated above the Court is of the opinion that the Plaintiff would not be successful on such claims. Despite this fact, the Court will now determine whether the Defendant Tom Long's actions were objectively reasonable.

The Plaintiff has failed to show that Tom Long was directly involved in the incident forming the basis for Plaintiff's Complaint. In addition, the Plaintiff has failed to prove that the Defendant's training program for his officers was deficient in any manner. In fact, Defendant Tom Long requires his officers to receive certification from the State of Mississippi, and requires them to attend the Law Enforcement Academy. The Court finds these actions to be reasonable. In addition, the Court finds that there is no proof of any prior incidents of racial violence by any officers associated with the Southaven Police Department. Finally, the Court finds that the Defendant acted reasonably in not

producing a police report until one actually was created. Thus, the Plaintiff has failed to show that Defendant Tom Long acted in an objectively unreasonable manner. As such, Tom Long is entitled to qualified immunity. Therefore, the Defendant is entitled to judgment as a matter of law.

*D. Conclusion*

The Plaintiff has failed to maintain his burden of proof by demonstrating the existence of a genuine issue of material fact. The Court finds that the Plaintiff has not produced any proof that the Defendant failed to adequately train his officers. In addition, the Court finds that the Plaintiff cannot show that the Defendant acted with deliberate indifference in training of his officers. The Court finds that the Plaintiff cannot show that Tom Long knew that officers under his command had a propensity to commit acts of racial violence. Further, the Court finds that the Plaintiff's claim that the Defendant withheld information is wholly without merit. Finally, the Court finds that Defendant Tom Long is cloaked with qualified immunity against the Plaintiff's individual capacity claims, if any. Thus, all of Plaintiff's claims fail and Defendant Tom Long is entitled to judgment as a matter of law. Rule 56(C) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273.

A separate order in accordance with this opinion shall issue this day.

This the 17th day of January 2007.

/s/ Glen H. Davidson
Chief Judge