IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

RONNIE HARRIS                                                                                    PLAINTIFF

VS.                                                                                        No. 2:05CV211-D-A

CITY OF SOUTHAVEN, MISSISSIPPI, ET. AL                                         DEFENDANTS

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently pending before the Court is Defendant City of Southaven's motion for summary judgment. Upon due consideration, the Court finds that the motion shall be granted.

*A. Factual Background*

Plaintiff Ronnie Harris is a Tennessee resident and was employed at 84 Lumber Company in Southaven, Mississippi. During the course of his employment, Harris was allowed to enter the premises of 84 Lumber Company's Southaven, Mississippi, facility in the early morning hours for the purpose of filling orders. The Plaintiff asserts that when he worked early mornings at 84 Lumber Company, his normal course of action was to park his car in the lighted parking lot of the K-Mart Store. The Plaintiff would cross over the parking lot, go down into a ditch and up a hill, and cross the fence to 84 Lumber Company's back lot. The Plaintiff alleges that he had a custom of doing this and could be seen most any morning loading and unloading lumber at the 84 Lumber Company facility.

On the morning of April 22, 2004, the Plaintiff parked his car in the K-Mart parking lot; crossed the fence; turned on the lights at 84 Lumber Company; and then began loading and unloading lumber. While on routine patrol, an officer with the City of Southaven Police Department observed this activity. The officer, knowing that 84 Lumber Company had been a victim of crime in the recent past, considered the Plaintiff's activities suspicious and radioed for backup. The officer

observed the scene and waited until additional City of Southaven police officers arrived and conducted surveillance of the Plaintiff.

The Plaintiff alleges that he observed several Southaven Police Officers surrounding his vehicle. He alleges that he turned off his forklift and notified the officers that the vehicle was his. The officers got the Plaintiff's attention and requested that the Plaintiff approach them. The Plaintiff alleges that he again notified the officers that the car was his as he approached the fence. At this point, there is a discrepancy as to what occurred next.

The Plaintiff asserts that he was told to get his "ass across the fence." The Plaintiff states that he complied with the request and proceeded toward the officers with his hands held above his head. At this point, the Plaintiff alleges he noticed a canine with the officers and begged them not to release the dog. The Plaintiff also asserts that he informed the officers that he was authorized to be on the property of 84 Lumber Company, giving them the name and number of his manager.

Next, the Plaintiff claims that the officers bashed his head into the car, searched him, and then threw him with extreme force to the ground. The Plaintiff alleges that the officers handcuffed him and then released the dog. The Plaintiff alleges that the officers allowed the dog to bite him several times on his legs while the officers yelled profanities and obscenities at him. The Plaintiff claims he asked for mercy repeatedly and was finally pulled to his feet and placed into the patrol car. The Plaintiff asserts that he gave the officers the manager's number again and the officers verified with the manager that he was an authorized employee of 84 Lumber Company. The Plaintiff further claims that the officers tried to detain him further when his mother came to take him to the hospital. The Plaintiff claims he suffered lacerations to his legs and thighs, an injury to his head and mental and emotional distress.

The Defendants assert that an officer on the scene contends that the Plaintiff crossed the

fence, dropped into a ditch and appeared to flee. Then, and only then, according to the officer, was the police department canine unleashed. The canine secured the Plaintiff. Once officers were nearby, the canine was ordered off of the Plaintiff. The Plaintiff was then taken to a patrol car and the manager of 84 Lumber Company was called. The manager advised that the Plaintiff was an employee of the facility and was authorized to be working at that time. The officers stated that upon receipt of that information, the Plaintiff was released without being arrested or charged. Defendant Tom Long alleges that he was never present at the scene.

The Plaintiff has alleged a litany of causes of actions against the City of Southaven, Police Chief Tom Long, and ten unidentified police officers with the City of Southaven. The Plaintiff filed this action October 12, 2005. The Plaintiff claims that the Defendants through a practice, procedure or custom denied his Fourth Amendment rights against unlawful search and seizure. In addition, he claims that the Defendants violated his substantive and procedural due process rights as well as his guarantee of equal protection under the law. In addition, the Plaintiff claims that the Defendants unlawfully interfered with his employment because of his race and assaulted him with the canine. The Plaintiff claims the City of Southaven failed to properly supervise its police officers. In addition, the Plaintiff claims that the Police Chief failed to properly train his officers, refused to release the police report of the incident and knew that his officers had propensity to commit racial acts of violence. Finally, the Plaintiff asserts that the City of Southaven police officers unlawfully searched him, detained him and assaulted him.

Defendant City of Southaven now moves this Court to grant it summary judgment on all of the Plaintiff's claims. The City of Southaven alleges that Plaintiff's state law claims should be dismissed because he failed to comply with the Mississippi Tort Claims Act. In addition, the City of Southaven states that Plaintiff's assault and battery claims are barred by the statute of limitations

and the fact the Plaintiff has failed to name an individual who assaulted him. Defendant City of Southaven also asserts that Plaintiff's unlawful arrest claim fails as a matter of law because he was never actually arrested. The Defendant City of Southaven further argues that the Plaintiffs section 1983 claims fail because he has failed to identify a policy, practice or procedure. The Defendant finally argues that all other claims fail for lack of evidence. The Plaintiff failed to respond to the Defendant's motion.

*B. Standard of Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) (the burden on the moving party may be discharged by 'showing...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56 (C) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. At 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.

Ct. 1348, 1356, 89 L. Ed. 2d 536, 552 (1986).

*C. Discussion*

1. Section 1983

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To state a claim under Section 1983 the Plaintiff must (1) allege he has been deprived of a right secured by the United States Constitution or the laws of the United States; and (2) demonstrate that the alleged violation was committed by a person acting under color of state law. Cornish v. Correctional Services Corp., 402 F.3d 545, 549 (5th Cir. 2005). The Plaintiff has alleged violations of his Fourth, Fifth, and Fourteenth Amendment rights. He has alleged that Defendant Tom Long and ten unknown City of Southaven Police Officers violated those rights. Thus, the Court finds that the Plaintiff has alleged a section 1983 claim.

2. Unlawful Arrest

The Plaintiff has alleged arrest without probable cause, or the violation of his Fourth Amendment Rights. That is a clearly established constitutional right. See Eugene v. Alief Indep. Sch. Dist., 65 F.3d 1299, 1305 (5th Cir. 1995) (acknowledging the "right under the Fourth and Fourteenth Amendments to be free from false arrest"). "Whether an arrest is illegal, however, hinges on the absence of probable cause." Sorenson v. Ferrie, 134 F.3d 325, 328 (5th Cir. 1998). Thus, if the Plaintiff cannot show a lack of probable cause, then he has failed to state of violation of a constitutional right. The Supreme Court has found probable cause to exist where the facts and circumstances within the arresting officers' knowledge are sufficient to warrant a prudent person in believing that the suspect had committed or was committing a crime. See Beck v. Ohio, 379 U.S.

89, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964); United States v. Froman, 355 F.3d 882, 889 (5th Cir. 2004). If an officer has probable cause to believe an individual has committed even a minor criminal offense in his presence, then he may without violating the Fourth Amendment, arrest the individual. Atwater v. City of Lago Vista, 532 U.S. 318, 354, 121 S. Ct. 1536, 1558, 149 L. Ed. 2d 549 (2001) (warrantless arrest for failure to secure children in seat belts did not violate the Fourth Amendment).

In the case *sub judice*, a review of the facts and deposition testimony indicates to the Court that the Plaintiff was never placed under arrest. The Plaintiff was detained until the officers received word from the 84 Lumber Company manager that the Plaintiff had authorization to be on the property during non-working hours. While the Court finds that the Plaintiff was never arrested, it will do an analysis of whether or not the City of Southaven police officers had probable cause to detain the Plaintiff.

The Court finds that in looking at the totality of the circumstances at the time of this incident, the officers had probable cause to detain or arrest the Plaintiff. First, the officers observed the Plaintiff park his car and then cross a locked gate into a place of business. Second, the officers had knowledge that this business premises had been a victim of crime four times in the recent past. Third, the 84 Lumber Company facility was not open for business at 3:00 A.M. These were not normal business hours. The Court finds that any objective and reasonable officer observing the Plaintiff park his car in an adjacent parking lot, go down into a ditch and cross over a gate could have reasoned that a crime was being committed. In addition, knowing that four crimes had occurred at this location in the past made their observation even more astute. Thus, the Court finds that the police officers were duty-bound to investigate; and if necessary, detain the Plaintiff in order to ascertain for what reasons he was on the premises of 84 Lumber Company after hours. The Court finds that there was probable cause to detain and even arrest the Plaintiff. As such, the Plaintiff's

1983 claim against the City of Southaven fails as a matter of law.

3.  Interference with Employment

The Plaintiff's claim that the City interfered with his employment at 84 Lumber Company has no basis in fact in this case. In fact, the Plaintiff admitted that he had no knowledge that the City of Southaven had any involvement with the decision for 84 Lumber Company to terminate his employment. The Plaintiff went back to work after the alleged incident and was terminated at a later date. The record is lacking completely of any evidence to support such a claim. As such, the Court will grant the Defendants judgment as a matter of law on this claim.

4.  Conspiracy

Conspiracy claims under section 1983 require that the plaintiffs relate specific facts, not merely conclusory allegations. Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986). The operative facts of the conspiracy must be pled with particularity, not merely suggested by vague assertions. Lynch v. Cannatella, 810 F.2d 1363, 1370 (5th Cir. 1987). A civil conspiracy is defined as "an agreement between two or more persons to participate in an unlawful act or a lawful act in an unlawful manner." Hobson v. Wilson, 737 F.2d 1, 51 (D.C. Cir. 1984), *cert. denied sub nom.* Brennan v. Hobson, 470 U.S. 1084, 105 S. Ct. 1843, 85 L. Ed. 2d 142 (1985). See King v. Newton County Board of Supervisors, 144 Fed. Appx. 381, 385 (5th Cir. 2005). A plaintiff must show that the defendants agreed to commit an unlawful act. Crowe v. Lucas, 595 F.2d 985, 993 (5th Cir. 1979). However, it is a rarity that direct evidence of an explicit agreement exists; thus, the agreement may be proved by indirect or circumstantial evidence. Mack v. Newton, 737 F.2d 1343, 1350 (5th Cir. 1984). While a court is required to draw inferences favorable to the Plaintiffs, those inferences "must be 'within the range of reasonable probability'." Love v. King, 784 F.2d 708, 711 (5th Cir. 1986) (*quoting* Radiation Dynamics v. Goldmuntz, 464 F.2d 876, 887 (2d Cir. 1972)).

"When the necessary inference is so tenuous that it rests merely upon speculation and conjecture, it is the duty of the court to withdraw the case from the jury." Love, 784 F.2d at 711 (*citing* Radiation Dynamics, 464 F.2d at 887).

In the case *sub judice*, the Plaintiff has done nothing more than allege a conspiracy. The Plaintiff has not offered any evidence either direct, indirect or circumstantial. As mentioned above, the Plaintiff has not named any known individuals who allegedly conspired to deprive the Plaintiff of his constitutional rights. In addition, it is an established fact that Defendant Tom Long was not present when this alleged incident occurred. Therefore, there is no other Defendant besides the City of Southaven. The law is clear that there must be two or more person or two or more entities to have a conspiracy. Furthermore, the must be an alleged common plan or scheme. The Court finds that the Plaintiff has failed to produce any proof beyond speculation and conjecture. Therefore, the Court finds there is no issue of material fact and the Defendant is entitled to judgment as a matter of law.

5.  Failure to Train

When a plaintiff alleges a claim for failure to train or supervise, "the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." Estate of Troy Davis v. City of Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005) (*quoting* Smith v. Brenoettsy, 158 F.3d 908, 911-12 (5th Cir. 1998)). see Burge v. St. Tammany Parish, 336 F.3d 363, 370 (5th Cir. 2003); Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003).

"Deliberate indifference" requires that the state actor have subjective knowledge of the risk of harm. Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a

known or obvious consequence of his action.  Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 410, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997).  Mere negligence will not suffice, and "deliberate indifference, i.e., the subjective intent to cause harm, cannot be inferred from a ... failure to act reasonably.  Id. at 649 (citations omitted).  In other words, an official has to be both aware of, and disregard, an excessive risk of harm.  Rodriguez v. Texas Dept. of Criminal Justice, Institutional Division, 2003 WL 22055820 (N.D. Tex. 2003) (*citing* Farmer v. Brennan, 511 U.S. at 837 114 S. Ct. at 1977.  "To satisfy the deliberate indifference prong, a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of training is 'obvious and obviously likely to result in a constitutional violation.'" Cousin v. Small, 325 F.3d at 637 (*quoting* Thompson v. Ushur County, 245 F.3d 447, 459 (5th Cir. 2001)).

In the case *sub judice*, the Plaintiff cannot maintain an action for failure to train.  First, the Plaintiff has not demonstrated that Police Chief Tom Long or any other supervisor failed to properly train or supervise subordinate police officers.  According to Long's affidavit and the certificates of training attached to this motion, all of the officers in the City of Southaven's Police Department are trained.  In addition, all officers are graduates of the Law Enforcement Academy and have been certified by the Mississippi Board of Law Enforcement Officers Standards and Training as being qualified law enforcement officers.  Furthermore, the canine unit officers receive special training with their dogs.  Second, the Plaintiff has not produced sufficient proof that a causal nexus exists between the actions of the officers and the alleged failure to train.  Third, the Plaintiff has failed to name an official that was charged with supervising the officers allegedly involved in this incident.  Finally, the Court is of the opinion that no evidence exists before it that suggests that Defendant Tom Long or any other City of Southaven official acted with deliberate indifference.  Thus, the Court finds that the Defendant is entitled to judgment as a matter of law on this claim

6.  Municipal Liability

Municipal liability under section 1983 requires proof of (1) a policymaker, (2) an official policy, and (3) a violation of constitutional rights whose "moving force" is the policy or custom. Monell v. Dep't of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978).  The text of section 1983 precludes municipal liability predicated on respondeat superior. Board of Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997).  Thus, the unconstitutional conduct must be directly attributable to the municipality by some sort of official action.  Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001), *cert. denied,* 534 U.S. 820, 122 S. Ct. 53, 151 L. Ed. 2d 23 (2001).  Isolated incidents of unconstitutional actions by municipal employees will almost never trigger municipal liability.  Id. Bennett v. City of Slidell, 728 F. 2d 762, 768 n. 3 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016, 105 S. Ct. 3476, 87 L. Ed. 2d 612 (1985).

Municipal liability for section 1983 violations results if a deprivation of constitutional rights was inflicted pursuant to an official policy or custom.  Piotrowski v. City of Houston, 237 F.3d at 579. Official policy is normally found in promulgated policy statements , ordinances or regulations. Id.  But, an official policy may also be evidenced by a custom.  Id.  A custom is " a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy..." Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984); see also Bryan County, 520 U.S. at 405-07, 117 S. Ct. at 1387

Here, the Plaintiff cannot maintain a theory of municipal liability.  The Plaintiff has identified an official policy-maker, which is a criterion for 1983 liability.  See Jett v. Dallas Independent School District, 491 U.S. 701, 737, 109 S. Ct. 2702, 2724, 105 L. Ed. 2d 598 (1989).

However, the Plaintiff has failed to identify an official policy, practice or procedure. See <u>Webster v. City of Houston</u>, 735 F. 2d 838 (5th Cir. 1984) (en banc). The Plaintiff has lodged a series of claims and charges against the City of Southaven. In addition, the Plaintiff states that the Defendants through a practice, procedure or custom denied the Plaintiff his rights under the Fourth, Fifth and Fourteenth Amendments. The Plaintiff has not identified a single municipal policy, practice or custom. In addition, he has failed to support any of his "bare-bones" allegations with evidence. As such, the Plaintiff's section 1983 claim fails under <u>Monell</u>. Therefore, there is no genuine issue of material fact and the Defendants are entitled to judgment as a matter of law.

7. <u>Qualified Immunity</u>

While the Defendant argues that the Plaintiff has not brought an action against any of the individual officers, it asserts that even if such action had been brought those officers would be entitled to qualified immunity. In ruling on a defendant's claim of qualified immunity, the court first must determine whether the plaintiff has alleged the violation of a clearly established constitutional right. <u>Siegert v. Gilley</u>, 500 U.S. 226, 230, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991). Then, the court must determine whether the officer's actions were objectively reasonable under settled law in the circumstances with which he was confronted. <u>Hunter v. Bryant</u>, 502 U.S. 224, 227, 112 S. Ct. 534, 536, 116 L. Ed. 2d 589 (1991); See <u>Pfannstiel v. Marion</u>, 918 F.2d 1178, 1183 (5th Cir. 1990) (If "reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity.").

In the case *sub judice*, the Plaintiff has alleged the violation of a clearly established constitutional right– including his right to be free of unlawful search and seizure and his rights to procedural and substantive due process. The Court is satisfied that the Plaintiff has alleged a violation of the Fourth, Fifth and Fourteenth Amendments. However, as stated above the Court is

of the opinion that the Plaintiff would not be successful on such claims. Despite this fact, the Court will now determine whether the individual police officers' actions were objectively reasonable.

The Court is of the opinion that at the time of the incident, the individual police officers had probable cause to question and detain the Plaintiff. An officer observed the Plaintiff park his car in the K-Mart parking lot at 3:00 A.M. The K-Mart store was closed at that time. In addition, the officer observed the Plaintiff enter a ditch and climb over a broken section of fence to enter the rear of 84 Lumber Company's Southaven, Mississippi, facility. The police officer knew that 84 Lumber Company was closed at that time of night. In addition, he possessed information that previous crimes had occurred at that business location. The Court is of the opinion that the Southaven Police Officer acted in an objectively reasonable way in assuming a crime was possibly in progress and it was reasonable for him to call for backup. In addition, the Court is of the opinion that all the officers acted in a reasonable way in deciding to investigate further and question the Plaintiff. Finally, the Court is of the opinion that the officers acted in an objectively reasonable way in releasing the canine when they thought they observed the Plaintiff fleeing. The Court finds that based on the facts and depositions, the officers handled this situation in an objectively reasonable manner. Therefore, even if the individual officers were parties to this suit, they would be entitled to qualified immunity. Thus, the Court dismisses the Plaintiff's claims against the ten unknown City of Southaven Police Officers. The Court notes that at the completion of discovery, the Plaintiff failed to amend its complaint to name any officer by name or in their individual capacity.

8. State Law Claims Made Under the Mississippi Tort Claims Act

The Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 et seq., provides the exclusive remedy against a governmental entity for acts or omissions which give rise to suit. Watts v. Tang, 828 So.2d 785, 791 (Miss. 2002). The Act further provides that "a governmental entity and its

employees acting within the course and scope of their employment duties shall not be liable for any claim . . ."

> [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities related to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any persons not engaged in criminal activity at the time of injury.

Miss. Code Ann. § 11-46-9(1)(c). The police exemption of the MTCA is designed to protect law enforcement personnel from lawsuits arising out of the performance of their duties with respect to the victim. <u>Miss. Dept. of Public Safety v. Durn</u>, 861 So.2d 990, 997 (Miss. 2003). Government entities may be held liable only if the complained of conduct amounts to recklessness. <u>Craddock v. Hicks</u>, 314 F. Supp. 2d 648, 654 (N.D. Miss. 2003); <u>Maldanado v Kelly</u>, 768 So.2d 906, 909 (Miss. 2000). While the statute does not provide a definition, the Mississippi Supreme Court describes recklessness as where an "actor has intentionally done an act of unreasonable character in reckless disregard to the risk known to him, or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." <u>Maldanado</u>, 768 So. 2d at 910.

The Court notes that the Plaintiff filed suit naming only one party as an individual, Defendant Tom Long. The Court notes that the Plaintiff named ten unknown police officers in the original suit. After discovery, the Plaintiff has failed to amend his Complaint and name any other individuals in this action. Thus, there is no named individual that was allegedly present at the scene of this incident that could have assaulted the Plaintiff. Thus, the Plaintiff has a very weak assault and battery claim. In addition, the City of Southaven is not liable from criminal acts of its employees. Miss. Code Ann. § 11-46-5(2). That statute states:

> "For the purposes of this Chapter, an employee shall not be considered acting within

the scope and course of his employment, and a governmental entity shall not be liable or be considered to have waived liability for any conduct of its employee, if the employee's conduct constituted fraud, malice, libel, slander, defamation, or any other criminal offense other than traffic violations." Id.

Thus, the Plaintiff's claim for assault and battery against the City of Southaven fails as a matter of law.

*D. Conclusion*

After a thorough review of the parties briefs, the Court is of the opinion that there are no genuine issues of material fact present to submit this case to a jury. The Court finds that the Plaintiff has failed to allege a policy, practice or custom sufficient to hold the City of Southaven liable under section 1983. The Court further finds that the City of Southaven is protected from the claims of assault and battery by the Mississippi Tort Claims Act. In addition, the Court finds that there was probable cause for the City of Southaven Police Officers to detain the Plaintiff. Thus, the Plaintiff's claim for unlawful arrest fails as a matter of law. The Court finds that Plaintiff's claims for interference with his employment and conspiracy are without merit. Finally, the Court finds that even if the Plaintiff had alleged claims against individual police officers of the City of Southaven, they would be cloaked with qualified immunity. Therefore, no genuine issue of material fact exists and the Defendant is entitled to judgment on all of Plaintiff's claims.

A separate order in accordance with this opinion shall issue this day.

This the 17th day of January 2007.

/s/ Glen H. Davidson
Chief Judge